UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY BROWN,<br><br>          Plaintiff,<br><br>    v.<br><br>R. ROBLES, et al.,<br><br>          Defendants. | Case No.: 1:16-cv-00751-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br><br>[ECF No. 9] |

    Plaintiff Quincy Brown is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion for entry of default, filed March 7, 2017.

    This action is proceeding against Defendants R. Robles and C. Riley for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

    Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States."  Fed. R. Civ. P. 12(a)(1)(A)(ii).

    Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).

In this instance, the requests for waiver of service were returned on January 27, 2017, and filed with the Court. (ECF No. 8.) Therefore, pursuant to their waivers of service, Defendants are not required to answer the complaint until sixty days thereafter, i.e. March 28, 2017. Accordingly, Plaintiff's request for entry of default is DENIED as premature.

IT IS SO ORDERED.

Dated:   **March 14, 2017**

UNITED STATES MAGISTRATE JUDGE